## DEN EX DEM. BOCKOVER vs. POST.

1. Underletting demised premises by the tenant, is not a violation of the covenant not to assign the term.

2. But it seems that the converse of the proposition is not true, and that an assignment is a violation of the covenant not to underlet.

Den ex dem. Bockover v. Post.

3. A mere breach of covenant by the tenant gives the landlord no right of re-entry, unless there be a stipulation in the lease that such breach of cove-nant shall work a forfeiture or determination of the tenant's interest.

4. No ejectment can be maintained by the landlord for a mere breach of covenant not coupled with a proviso for entry.

The action was brought to recover possession of a store in Jersey City. The premises were leased for a term of years, by Post, the owner, to Joseph Halsted. The lease contained a covenant by the tenant, that he would not underlet the premises without the consent of the landlord. Halsted assigned the term for a valuable consideration to Bockover, the lessor of the plaintiff, and, having vacated the premises, Post entered into possession. The action was thereupon brought, by the assignee of the term, against the landlord for the recovery of possession. The cause was tried in the Hudson Circuit, at December term, 1854, and a verdict rendered for the plaintiff. A rule to show cause why the verdict should not be set aside was granted, at the instance of the plaintiff.

The cause came on for hearing upon the argument of the rule to show cause, at June term, 1855, before the CHIEF JUSTICE, and POTTS and VREDENBURGH, Justices, by *I. W. Scudder*, in support of the rule, and *Weart* and *Nevius*, contra.

*Scudder*, for defendant, in support of the rule.

Post was the owner in fee of the premises. He was in possession in fact and in law.

Halsted, the tenant, had violated his contract. Rent was in arrear. He was in possession under a violated covenant. The landlord had a right to re-enter. The tenant abandoned the premises. Post thereupon took possession.

Bockover took an assignment of a violated covenant, as a collateral security or mortgage. The assignment

was invalid. If binding between the parties, it was void as against the landlord.

The lease being assigned by way of mortgage, the plaintiff must show that, by the terms of the assignment, the debt was due, and that the legal estate vested in the assignee. A deed, though absolute on its face, may be turned into a mortgage by parol. 2 *Hilliard on Mort.* 158; 5 *Greenl. R.* 96; 1 *Johns. Chan.* 119; 21 *Wend.* 36; 2 *Platt on Leases* 417; 2 *Wend.* 507.

The tenant having abandoned the premises without payment of rent, the landlord lawfully entered, and held possession. *Peak's Ad. Cases* 210; 8 *Barn. & Cres.* 6; 2 *Moody & R.* 185; 16 *Alabama* 73; 12 *Petersd. Ab.* 20; 7 *Moore* 574.

The landlord was put into possession by proceedings under the act of 1847 concerning landlords and tenants. *Pamph. L.* 142. The judgment of the justice remained in force. The landlord could only be dispossessed by reversing the judgment.

The lessor of the plaintiff has no title to the premises. The assignment is void. By the terms of the lease, the premises were not to be underlet without the consent of the landlord. The assignment was in violation of the covenant. The premises consisted of a single room. There could be no underletting, in the proper sense of that term. The design of the covenant was to exclude improper tenants. The intention of the parties must be regarded in construing the contract. An assignment defeats the whole object of the contract. The tenant might assign to a beggar. A covenant to underlet will restrain an assignment. 12 *Vesey* 400; *Taylor's L. & Ten.* 196.

The conduct of the parties shows that the rent was payable monthly, and was in arrear when the landlord took possession. Cotemporaneous exposition may be resorted to, to show the true interpretation of the contract. 10 *Peters* 491; 3 *Johns. R.* 520; 3 *Pick.* 446; 1 *M. & Sel.* 26; 3 *Stark. Ev.* 1008.

*Weart* and *Nevius*, for plaintiff, contra.

1. No consideration need be expressed in an assignment of a lease, for the liability of the assignee, for the payment of the rent reserved by the lease is a sufficient consideration. *Taylor's Landlord and Tenant* 206; *Barker* v. *Keate*, 1 *Mod. R.* 263; same case 2 *Mod. R.* 252; 1 *Noy's Max.* 92.

2. An actual entry upon the demised premises by an assignee is not requisite in order to charge him with the performance of covenant running with the land; for by accepting an interest under the conveyance, he incurs all the responsibility connected with the estate, as if he had taken possession in fact. *Taylor's Landlord and Tenant* 219; *Walter* v. *Cronly*, 14 *Wend. R.* 63; *Walker* v. *Reeve*, *Dougl.* 461, *note*; *Bull. N. P.* 157; *Esp. N. P.* 289; *Woodfall* 347. The converse of this rule must hold good; for if the tenant is liable for all the consequences of actual possession, he must have all the advantages that would flow from such an assignment without the possession; that is, he should not have burthens imposed upon him without having all the privileges conferred that those burthens impose.

3 The entry under the landlord and tenant's act, (*Pamph Laws of* 1847, 142,) was void, because Post had notice that Bockover claimed the possession of the premises by virtue of an assignment from Halsted; and the act is directory that the person claiming possession must have notice. *Nix Dig.* 422.

4. Post had no right of re-entry for nonpayment of rent, and he could not have re-entered on that ground, unless there was a clause of re-entry contained in the lease, which there was not. *Adams on Ej.* 157. And again, Post could not re-enter for nonpayment of rent, where that right is strictly reserved, unless he had fulfilled all the requirements of the common law, such as demand of the rent on the last day, before sunset, on the

premises, &c., which he did not do.  *Jackson* v. *Harrison*, 17 *Johns.* 66.

5. The covenant not to underlet did not prevent an assignment of the whole premises or term.   There is a clear distinction between underletting and assigning, and the estates created thereby, and the rights of parties under both these tenancies.   It has been held, and is well settled, that where a person is prohibited from assigning he can underlet without a breach of covenant.   *Platt on Cov.* 403 (3 *Law Lib.* 181); *Crusoe* v. *Bugby*, 2 *W. Black. R.* 766; 3 *Wils.* 234; *Jackson* v. *Silvernail*, 15 *Johns. R.* 278; *Jackson* v. *Harrison*, 17 *Johns. R.* 66.

Does underletting prohibit an assignment ?  I have failed in my researches to find any American case directly upon this point, and the English cases that bear upon that question seem to establish that underletting prohibits an assignment.   *Platt on Cov.* 408 (3 *Law Lib.* 182); *Greenaway* v. *Adams*, 12 *Ves.* 395;  *Berry* v. *Taunton*, *Cro. Eliz.* 331; *Taylor's L. & T.* 196.  But the doctrine is not sustained by the last mentioned cases.  In *Greenaway* v. *Adams*, the wording was, "let, set, or demise the before mentioned messuage or term and premises, or any part thereof, for all or any part of the said term."   There is no doubt but that the decision of the master of the rolls was right on the construction of this covenant, for it was strong enough to cover an assignment, and much stronger than the mere word "underlet;" and the counsel in that case did not rely on the words *underlet* or *let* to prohibit the assignment, but say the expression is, "for all or any part of the term."   "And a transfer for all of the term is nothing but an assignment."  And again, the word "let," being used in the common technical expression of conveyances, "set over."   And the master of the rolls thinks the counsel of the plaintiff right in their construction of the covenant, and ruled accordingly, without looking at the

different estates and rights created by assignments and underleases.

The case of *Berry* v. *Taunton* will not support the rule now, as in that case condition was not taken strictly. As the rule now is, the covenants or conditions will be construed strictly. *Adams on Eject.* 175; *Jackson* v. *Silvernail* and *Jackson* v. *Harrison,* above cited.

6. There is a great difference between the estates created and the rights under an assignment and underletting. The underlessor has a right to distrain for the rent due to him, which the assignee of a lease has not. The underlessee is not liable personally to the original lessor, nor is his property subject to his claim for rent longer than while it is on the leased premises, when it may be distrained upon. The assignee of the lessee stands in a different situation; he is liable to an action by the landlord or his assignee for the rent upon the ground of priority of estate. 2 *Bou. Law Dict.* 611 § 5; 4 *Kent's Com.* 95; *Howland* v. *Coffin,* 9 *Pick. R.* 52; *Waldo* v. *Hall,* 14 *Mass. R.* 487.

7. A breach of any of the covenants of a lease does not give the landlord the right of re-entry, unless that right is reserved in the lease; and as no such right was reserved in this lease, if underletting did restrain assigning, Post could not re-enter for the breach; his only remedy was an action for breach of covenant. *Platt on Covenants* 424 (3 *Law Lib.* 189); *Willson* v. *Phillips,* 2 *Bing. R.* 13; 9 *J. B. More* 46; *Spear* v. *Fuller,* 8 *N. Hamp. R.* 175.

8. The assignee of the lessor is liable for the payment of rent, although the assignee of the lessor is perfectly responsible on his covenants to pay rent. 4 *Kent's Com.* 96; *Orgee* v. *Kemshead,* 4 *Taunt. R.* 642. And if the landlord has his rent paid under the original lease, he has no right to complain, and a new trial ought not to be granted.

The CHIEF JUSTICE delivered the opinion of the court.

The lessor of the plaintiff claims title to the premises in question, as assignee of a lease for years made by the defendant to Joseph Halsted. The original lessee having left the premises, the defendant, as landlord and owner of the reversion, entered into possession, and holds it to the exclusion of the lessor of the plaintiff. A verdict having been rendered against the defendant, he asks a new trial.

It is insisted that the assignment is invalid, and passed no title to the assignee, because, by the terms of the lease the tenant was not to underlet the premises without the consent of the landlord. Whether an assignment of the entire term is a violation of a covenant not to underlet, is a question not free from doubt, It is perfectly well settled that underletting is not a violation of the covenant not to assign them. *Crusoe* v. *Bugby*, 2 *W. Bl.* 766 ; *S. C.* 3 *Wils.* 234 ; *Jackson* v. *Silvernail*, 15 *J. R.* 278; *Jackson* v. *Harrison*, 17 *J. R.* 66 ; *Adams on Ej.* 177.

But the better opinion seems to be that the converse of the proposition is not true, and that an assignment is a violation of the covenant not to underlet. It was so expressly held by the master of the rolls in *Greenaway* v. *Adams*, 12 *Ves.* 400. He said, this case is not like *Crusoe* v. *Bugby*, where all the words of the covenant could have distinct effect and operation without referring at all to an underlease ; and it did not necessarily follow that the lessor, as he did not choose that the tenant should assign, therefore intended to restrain underletting. But, upon the other hand, it would be very strange, if the landlord meant to restrain underletting, that he should not mean to forbid the tenant to part with the whole interest.

The terms used in that covenant are in reality no stronger than in the present. They are all appropriate to a lease, not to an assigment. A covenant not to underlet necessarily includes the underletting of all or any part of the term. The real design of the parties in the present case was obviously to exclude an alienation of the whole or any part of the term. No motive can be imagined

which could induce the lessor to restrain an underlease, and to permit an absolute assignment of the term. In *Berry* v. *Taunton, Cro. Eliz.* 331, a devise of lands was held to be a breach of a condition, that the lessee should not demise them more than from year to year. "For" (say the court) " a condition shall not be taken so strictly that it shall be according to the precise words; and if the meaning be broken, it is a breach of the condition." See *Platt on Cov.* 408.

But if the assignment be a violation of the covenant of the tenant, the mere breach of the covenant can give the landlord no right of re-entry, unless there be a stipulation in the lease that such breach of covenant shall work a forfeiture or determination of the tenant's interest. No ejectment can be maintained by the landlord for a mere breach of covenant not coupled with a proviso for re-entry. His only remedy would be an action for breach of covenant. Neither the lease nor the assignment is avoided by reason of the breach of covenant. *Willson* v. *Phillips,* 2 *Bing.* 13; *Platt on Cov.* 424.

The mere fact that the covenants of the lease were violated by the tenant, either by underletting or by nonpayment of rent, gives the landlord no right of re-entry, except in the mode or under the circumstances particularly prescribed by the statute for nonpayment of rent.

Whether the assignment was merely colorable or fraudulent, was, under the circumstances, a question of fact for the jury. The verdict cannot be disturbed upon that ground.

If the assignment be valid, and transferred the term to the assignee, the proceeding before the justice against the original lessee, under the act of 1847 (*Nixon's Dig.* 422), is a mere nullity, and can afford no protection to the defendant.

Even if the rent was payable monthly, and was due when the proceeding was instituted, it is obvious, from

the evidence, that the premises were not then occupied by Halsted, and that Post knew that Bockover claimed by assignment. Whether the assignee was in possession or not, is immaterial to the validity of his title. He was entitled to the possession. The landlord had no right of entry, and the plaintiff is entitled to recover the possession.

Nor has the landlord any ground of complaint, if his rent be paid according to the terms of the lease. The assignee holds under the terms of the original contract.

The motion for new trial is denied.

CITED in *Field* v. *Mills*. 4 *Vr*. 259; *Grigg* v. *Landis*, 6 *C. E. Gr*. 512.